# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| BRYAN ANTHONY REO, | : |
| PLAINTIFF, | : CASE NO.: |
| v. | : JUDGE: |
| THE ALLSTATE CORPORATION, | : |
| DEFENDANT. | : |

## NOTICE OF REMOVAL

Defendant, Allstate Insurance Company, improperly identified in the Complaint as The Allstate Corporation ("Allstate"), pursuant to 28 U.S.C. §1331, 1441 and 1446, *et seq.*, hereby submits this Notice of Removal with respect to above-captioned action, which was filed in the Court of Common Pleas of Lake County, Ohio, Case No. 22CV000384. In support of this Notice of Removal, Allstate avers the following:

### Timeliness and Background

1. On March 30, 2022, Plaintiff Bryan Anthony Reo ("Plaintiff") commenced a civil action against Allstate by filing a Complaint in the Court of Common Pleas of Lake County, Ohio. The lawsuit is recorded on the court's docket as Filing No. 62957 in Case No. 22CV000384 (hereinafter referred to as the "State Court Action").

2. Allstate was provided notice of the State Court Action on April 5, 2022. Pursuant to 28 U.S.C. § 1446(2), a true and correct copy of the summons and complaint served on Allstate, which constitute "all summons, pleadings, and orders" served upon Allstate in the State Court

Action, are attached hereto as Exhibit A. Because Allstate has filed this Notice of Removal within thirty days of service, this Notice of Removal is timely. *See* 28 U.S.C. §1446(b).

3. Plaintiff is an adult natural person domiciled in Lake County, Ohio. (Compl. at ¶2). Plaintiff alleges that Allstate obtained his contact information through improper means and repeatedly called him on his cellular telephone for the purposes of soliciting insurance services and other goods and services of Allstate. (Comp. at ¶8). As a result of these calls to his cellular telephone, Plaintiff alleges that Allstate violated the Telephone Consumer Protection Act 47 U.S.C. § 227, *et seq.* ("TCPA"), The Driver's Privacy Protection Act 18 U.S.C. §2721("DPPA"), Ohio Consumer Sales Protection Act R.C. §1345.01, *et seq.* ("CSPA") and the Ohio Telephone Solicitation Sales Act R.C. §4719.01, *et seq* ("TSSA"). Plaintiff seeks to recover damages for Allstate's alleged statutory violations (Compl. at §31, 65).

## This Case is Removable Based Upon Federal Question

4. Pursuant to 28 U.S.C. §1441(a), " any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants to the district court of the United States for the district and division embracing the place where such action is pending."

5. Pursuant to 28 U.S.C. §1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

6. Plaintiff sets forth causes of action against Allstate, namely violations of the TCPA and DDPA, that are within the original jurisdiction conferred on the District Courts of the United States by 28 U.S.C. §1331.

7. Pursuant to 28 U.S.C. §1367 "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims

that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

8. In this case the "federal question" requirement of 28 U.S.C. §1331 is met and this Court has original and supplemental jurisdiction over all claims alleged in the Complaint, and this action may be removed to this Court pursuant to 28 U.S.C. §1441.

## Venue and Notice

9. Removal is appropriate "to the district court of the United States for the district and division embracing the place where the action is pending." 28 U.S.C. §1441(a).

10. Promptly upon the filing of this Notice of Removal, Allstate shall file a Notice of Filing of Notice of Removal, with a copy of the Notice of Removal, with the Court of Common Pleas, Lake County, Ohio, and will serve a copy thereof on Plaintiff, pursuant to 28 U.S.C. §1446(d). A copy of this notice is attached hereto as Exhibit B.

## Conclusion

11. Based on the foregoing, this Court has original jurisdiction and supplemental jurisdiction over this action under 28 U.S.C. §1331 and 28 U.S.C. §1367; therefore, the Court properly may exercise jurisdiction over this lawsuit. 28 U.S.C. 1441(a).

12. Should Plaintiff seek to remand this case to state court, Allstate respectfully asks that it be permitted to brief and argue the issue of this removal prior to any order remanding this case. In the event the Court decides that remand is proper, Allstate asks that the Court retain jurisdiction and allow Allstate to file a motion asking this Court to certify any remand order for interlocutory review by the Sixth Circuit Court of Appeals, pursuant to 28 U.S.C. §1292(b).

WHEREFORE, Allstate request that the above-described action pending against it be removed to this Court. Defendant also requests all other relief, at law or in equity, to which it is justly entitled.

Respectfully submitted,

*/s/ Kathleen A. Nitschke*
Kerin Lyn Kaminski (0013522)
Kathleen A. Nitschke (0073397)
PEREZ MORRIS
1300 East Ninth Street, Suite 1600
Cleveland, Ohio 44114
Telephone: 216-621-5161
Facsimile: 216-621-2399
Email: kkaminski@perez-morris.com
knitschke@perez-morris.com
***Counsel for Defendant Allstate Insurance Company***

## **CERTIFICATE OF SERVICE**

   I hereby certify that, on this 29th day of April, 2022, I caused to be served the foregoing *Notice of Removal* via e-mail and via this Court's Electronic Filing System (ECF) upon the following:

Bryan Anthony Reo
Reo Law, LLC
PO Box 5100
Mentor, Ohio 44061
reo@reolaw.com
*Plaintiff*

               */s/ Kathleen A. Nitschke*
               Kathleen A. Nitschke (0073397)
               *Counsel for Defendant Allstate Insurance Company*