# SUMMONS
## COURT OF COMMON PLEAS
## LAKE COUNTY OHIO

BRYAN ANTHONY REO
    Plaintiff

VS.

Case Number: **22CV000384**
Judge PATRICK J. CONDON

THE ALLSTATE CORPORATION
    Defendant

To the following named DEFENDANT(S):
    File Copy

You have been named a Defendant in a complaint filed in the Lake County Court of Common Pleas, Lake County Courthouse, Painesville, Ohio. A copy of the complaint is attached hereto. The name and address of the plaintiff's attorney is:

    BRYAN ANTHONY REO
    PO BOX 5100
    MENTOR OH 44060

You are hereby summoned and required to do the following:

1. Within 28 days after service of this Summons upon you, serve a copy of an Answer to the Complaint on the Plaintiff's Attorney or on the Plaintiff, if he/she has no attorney of record;

2. Within 3 days after you serve the Plaintiff or the Plaintiff's Attorney, file an Answer with your original signature with the Lake County Clerk of Court.

**Calculations of time are exclusive of the day of service.**

If you fail to appear and defend, judgment by default will be rendered against you for the relief demanded in the complaint.

Faith Andrews
Clerk, Court of Common Pleas
Lake County, Ohio
25 N. Park Place
Painesville OH 44077

By *CARRIE A HARPS*
Deputy Clerk

March 31, 2022
THE ALLSTATE CORPORATION    2775 SANDERS ROAD   NORTHBROOK IL 60062

                EXHIBIT A



After printing this label:
CONSIGNEE COPY - PLEASE PLACE IN FRONT OF POUCH
1. Fold the printed page along the horizontal line.
2. Place label in shipping pouch and affix it to your shipment.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

Filing # 62957 / 22CV000384 / CONDON, PATRICK J.
Lake Co Common Pleas Court, Clerk Faith Andrews 03/30/2022 02:12 PM

STATE OF OHIO
IN THE COURT OF COMMON PLEAS OF LAKE COUNTY
CIVIL DIVISION

| | |
|---|---|
| **BRYAN ANTHONY REO** <br> PO BOX 5100 <br> Mentor, OH 44061 <br><br> Plaintiff, <br> v. <br><br> **THE ALLSTATE CORPORATION** <br> 2775 Sanders Road <br> Northbrook, Illinois 60062 <br><br> Defendant | Case No. <br><br> Hon. |

**REO LAW, LLC**
By: Bryan Anthony Reo (#0097470)
P.O. Box 5100
Mentor, OH 44061
(P): (440) 313-5893
(E): Reo@ReoLaw.org
*Attorney and Plaintiff Pro Se*

### PLAINTIFF'S COMPLAINT
### (JURY DEMAND ENDORSED HEREON)

NOW COMES Bryan Anthony Reo (Plaintiff), *Pro Se,* and hereby propound upon The Allstate Corporation "Allstate" (hereinafter referred to as "Defendant") and this Honorable Court Plaintiffs' Complaint.

### I. INTRODUCTION

1. Plaintiff sues Defendant for statutory violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), the Consumer Sales Practices Act, R.C. §§ 1345.01 et seq. ("CSPA"), the Driver's Privacy Protection Act, 18 U.S.C. § 2721 *et seq* ("DPPA"), and the Telephone Solicitation Sales Act, R.C § 4719.01 et seq ("TSSA").

### II. PARTIES

2. Plaintiff is an adult natural person who is domiciled in Lake County, State of Ohio.

3. Defendant is a corporate entity existing by and through the laws of the State of Delaware, with their primary corporate office and headquarters in the state of Illinois, which does business in the State of Ohio by maintaining extensive presence within Ohio, maintaining corporate offices in Ohio, telemarketing and advertising the availability of goods and services in the state of Ohio, and entering into consumer transactions and contracts with consumers in Ohio for services to be provided within Ohio.

### III. JURISDICTION AND VENUE

4. This Court enjoys subject matter jurisdiction over the instant civil action because the amount in controversy exceeds five hundred dollars ($500.00) and involves a claim for violations of 47 U.S.C. § 227, R.C. § 1345.01 and R.C. § 2305.01.

5. This Court enjoys personal jurisdiction over Defendant because Defendant conduct business in the state of Ohio, and Defendant contacted Plaintiff in Ohio with the purpose of injuring Plaintiff when Defendant might reasonably have expected that Plaintiff would be injured in the State of Ohio. R.C. §§ 2307.382(A)(1) and (6); Civ.R. 4.3(A)(1) and (9).

6. Venue is proper with this Court because Plaintiff resides in Lake County, State of Ohio, and the Court's personal jurisdiction over Defendant exists via Civ.R. 4.3. Civ.R. 3(B)(7).

### IV. STATEMENT OF FACTS

7. Defendant contacted Plaintiff repeatedly on his cellular telephone on March 29, 2022.

8. Defendant repeatedly contacted Plaintiff on Plaintiff's cellular telephone for purpose of soliciting Plaintiff to sell Plaintiff insurance services and other goods or services of Defendant.

2

9. Defendant called Plaintiff on March 29, 2022 at approximately 2:50 pm EST. Plaintiff only briefly spoke with Defendant's agent, who mentioned selling on behalf of Allstate. The conversation was brief. The call may or may not have been recorded. The call began with a recorded message prompting Plaintiff to wait to be connected to an agent/human being. Defendant asked Plaintiff if he would hold to be transferred to an agent, Plaintiff stated he would hold (Plaintiff wanted to identify the entity by whom he had been contacted) and after the transfer to the agent occurred, the call quality was diminished so Plaintiff hung up.

10. Defendant called Plaintiff on March 29, 2022 at approximately 2:58 pm EST. Plaintiff only briefly spoke with Defendant's agent, who mentioned selling on behalf of Allstate. The conversation was brief. Plaintiff hung up and terminated the call. The call may or may not have been recorded.

11. Defendant again called Plaintiff on March 29, 2022 at approximately 4:58 pm EST. Plaintiff only briefly spoke with Defendant's agent, who mentioned selling on behalf of Allstate. The conversation lasted approximately 32 minutes. The call may or may not have been recorded. This call resulted in Plaintiff receiving an email confirmation with a rate quote from an AllState agent with the email address being an AllState email, allstate@quote01.email-allstate.com

12. The agent who sent the email had a significant amount of Plaintiff's information such as the birthdate of Plaintiff's, Plaintiff's address, the make, model and year of Plaintiff's vehicle. Upon information and belief Allstate improperly obtained driver's records from the DMV for commercial purposes

3

13. Defendant was previously sued by Plaintiff's father for illicit telemarketing in 2021 to Plaintiff's father, wherein Plaintiff's father was represented by present Plaintiff Pro Se who served as his Counsel.

14. Plaintiff himself previously sued Defendant for illicit telemarketing in 2013-2014 wherein he represented himself Pro se.

15. Defendant has actual knowledge Plaintiff does not want to be contacted by Defendant.

16. Plaintiff's cellular telephone number has been registered on the National Do Not Call Registry at all relevant times and for at least 30 days prior to the calls in issue.

17. All of Defendant's communications consisted of an automated telephone dialing system that contacted Plaintiff to a human operator. The use of ATDS was evidenced by a perceptible delay of about 4-7 seconds at the beginning of each call, followed by an audible "boo dupe" beeping sound before the call finally connected to a human operator on behalf of Defendant.

18. Upon information and belief Defendant's dialing system is an ATDS per the 9th Circuit in *Marks v. Crunch San Diego, LLC*, 904 F. 3d 1041, (9th Cir. 2018) and the 6th Circuit in *Allan v. Pa. Higher Ed. Assist. Agency*. Case No. 19-2043 (6th Cir. 2020).

19. Upon information and belief Defendant is not bonded with the Ohio Attorney General's Office to engage in telephone solicitation within Ohio. One would logically conclude that if Defendant had posted the solicitor's surety bond they would abide by relevant telemarketing regulations.

20. The Ohio Attorney General's Office provides a list of entities that have registered with its office to engage in telephone solicitation within Ohio as per required by Ohio laws. As of

4

3/22/2022, the last time the Ohio Attorney General's Office updated its list, there were nine (9) entities so registered, and Defendant is not listed as among them.

21. All telephone calls made by Defendant to Plaintiff resulted in an interference in Plaintiff's possessory interests and rights in his telephone. Every call placed by Defendant that Plaintiff received resulted in the causing of Plaintiff's phone to ring, the draining of Plaintiff's phone's battery and resulted in the phone being unavailable for calls Plaintiff wanted to make or actually wanted to receive from people Plaintiff was actually willing to converse with.

22. Upon information and belief, Defendant lacks any meaningful policies for compliance with TCPA regulations or if they have such policies, they are inadequate and insufficient given that Defendant does not appear to purchase the Do Not Call list from National Do Not Call Registry, they do not appear to scrub their calling database against the DNC list, and they do not have policies and procedures implemented to avoid calling cellular phone numbers registered on the National Do Not Call Registry.

23. Defendant appear to consciously disregard TCPA compliance as a matter of business routine as evidenced by their history of making violative calls to Plaintiff's father, being sued for those calls in an action wherein Plaintiff's father was represented by Bryan Anthony Reo, and now directly soliciting Bryan Anthony Reo which raises questions as to, "if you scrub against the National DNC Registry, why did you call the father of a TCPA Plaintiff's Lawyer, get sued, resolve that, and then begin directly soliciting the TCPA Plaintiff's Lawyer himself?" It does not appear that Allstate or its agents purchase and scrub their calling databases against the National Do Not Call Registry and if they do, their policies for compliance and scrubbing and woefully inadequate.

5

24. Plaintiff has never done business with Defendant nor did Plaintiff ever request contact from Defendant or any affiliates of Defendant.

25. Defendant lack express prior written consent to contact Plaintiff with an ATDS to contact his cellular phone for commercial purposes.

26. Defendant lacks express prior consent of any sort, written or otherwise, to contact Plaintiff with ATDS for any purpose.

27. Upon information and belief Defendant had information and knowledge that would most likely have required the obtaining of Department of Motor Vehicle records on Plaintiff and Plaintiff's son and thus Defendant likely obtained DMV records for its marketing purposes.

28. Defendant has acted in a manner that constitutes a deceptive practice in violation of the CSPA and Title 109 of the Administrative Code.

29. Defendant violated the CSPA by committing an act or practice declared to be deceptive by rules promulgated by the attorney general.

30. Defendant sent one automated text message to Plaintiff in addition to the three phone calls Defendant placed by ATDS.

31. As a result of Defendant's conduct as described in this Complaint, Plaintiff has suffered damages.

## V. CAUSES OF ACTION

### COUNT I
### STATUTORY VIOLATIONS OF THE TCPA

32. Plaintiff incorporates by reference the foregoing Paragraphs of this Complaint as if each is set forth herein.

33. The TCPA is a federal statute that was enacted to prohibit unreasonable invasions of privacy via certain telephone practices.

6

34. Defendant placed calls to Plaintiff's cellular telephone using an automated telephone dialing system and/or artificial or prerecorded voice and not for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A), which had the natural consequence of utilizing Plaintiff's cellular telephone resources and robbing Plaintiff of Plaintiff's time and privacy.

35. It is a violation of the TCPA to cause a recorded message containing an artificial or pre-recorded voice to be placed to a cellular phone.

36. It is likewise a violation of the TCPA to cause a call to be placed by means of an automated telephone dialing system to a cellular phone.

37. Defendant also violated 47 C.F.R. § 64.1200(d)(6) by failing to maintain a do-not call list; to wit: Defendant called Plaintiff despite Plaintiff's cellular telephone number being on the National Do Not Call Registry and despite the history of Defendant with Plaintiff and Plaintiff's father in regards to litigation over the National Do Not Call Registry. Plaintiff himself as previously sued Defendant for TCPA violations in 2013-2014 and then represented his father against Defendant in 2021.

38. Defendant additionally violated 47 C.F.R. § 64.1200(d)(2) by failing to train its personnel in lawful telemarketing in compliance with do-not-call policies and requests; to wit: Defendant called Plaintiff despite Plaintiff's cellular telephone number being on the National Do Not Call Registry. Every call Defendant made to Plaintiff's number, which has been registered on the National Do Not Call Registry was a violation of 47 C.F.R. § 64.1200(d)(2).

39. Defendant violated the TCPA when Defendant called Plaintiff's cellular telephone and violated provisions of the TCPA during said telephone calls.

40. Defendant negligently violated the TCPA in relation to Plaintiff.

7

41. As a result of Defendant's negligent violations of the TCPA, Plaintiff may recover statutory damages of five hundred dollars ($500.00) for each and every violation of the provisions of the TCPA. 47 U.S.C. § 227(b)(3) and (c)(5).

42. In the alternative to the *scienter* of negligence, Defendant has willfully violated the provisions of the TCPA and Plaintiff may recover statutory damages of up to one thousand five hundred dollars ($1,500.00) per violation of said statute. 47 U.S.C. § 227(b)(3) (see *Charvat v. Ryan*, 879 N.E.2d 765, 770 (Ohio 2007) (holding that willfulness is established if the defendant knew of the facts that constituted the offense and not that the defendant knew that his conduct violated the law). In light of the fact that Plaintiff had no prior dealings with Defendant, never provided his number to Defendant, and requested [repeatedly] that the calls cease, reasonable minds would have to conclude that Defendant acted willfully or knowingly, if not indeed both willfully and knowingly.

43. Defendant committed 4 violations of 227(b), 4 violations of 227(c), 4 violations of 47 C.F.R. § 64.1200(d)(2), 4 violations of 47 C.F.R. § 64.1200(d)(6), and 4 violations of 47 C.F.R. § 64.1200(d)(3) for a total of sixteen (16) separate and distinct violations of Count I of Plaintiff's Complaint of the TCPA and the rules and regulations promulgated thereunder. Plaintiff is therefore entitled to no less than $8,000.00 [statutory minimum] with the possibility of treble up to $24,000.00 on the basis of the TCPA violations.

## COUNT II
## STATUTORY VIOLATIONS OF THE DPPA

44. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if each is set forth herein.

8

45. The DPPA is a federal statute that was enacted to protect the personal information and vehicle information of citizens from invasion of privacy and improper obtaining or use of that information by third parties for improper purposes, including but not limited to commercial solicitation

46. Defendant knew the year, make, and model of Plaintiff's vehicle and had basic information about Plaintiff's present vehicle insurance.

47. Upon information and belief Defendant obtained vehicle registration and personal information about Plaintiff's vehicle and Plaintiff from DMV source records for improper purposes. Such conduct by Defendant would constitute a violation of 18 U.S.C. § 2721 and entitle Plaintiff to liquidated damages of no less than $2,500 dollars per 18 U.S.C. § 2724(b)(1) for each violation of the DPPA. If Defendant did not directly obtain records from DMV sources then it is likely that Defendant used an intermediary to obtain the records in an attempt to "launder" or "rinse" the records through multiple layers of insulation prior to taking possession of, and then using, the records.

48. Defendant violated the DPPA five (5) times, once by obtaining the information improperly, once by sharing it, and four times by using it with each contact constituting a use.

49. Plaintiff is therefore entitled to liquidated damages in an amount of no less than $2,500.00 dollars per violation for a total of $12,500.00 via DPPA liquidated damages.

## COUNT III
## STATUTORY VIOLATIONS OF THE CSPA

50. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if each is set forth herein.

51. Defendant is a "person" as defined by R.C. § 1345.01(B).

9

52. Defendant is a "supplier" as defined by R.C. § 1345.01(C).

53. Plaintiff is a "consumer" as defined by R.C. § 1345.01(D).

54. A "consumer transaction" as defined by R.C. § 1345.01(A) occurred whenever Defendant solicited Plaintiff via tele-solicitation offers to purchase goods or services as detailed within this Complaint.

55. Defendant committed unfair and deceptive acts in connection with a consumer transaction when Defendant violated R.C. § 1345.02 by knowingly failing to comply with the DPPA. Each violation of the DPPA, as well as the regulations promulgated thereunder, is a per se violation of the CSPA.

56. Defendant committed unfair and deceptive acts in connection with a consumer transaction when Defendant violated R.C. § 1345.02 by knowingly failing to comply with the TCPA. Each violation of the TCPA, as well as the regulations promulgated thereunder, is a per se violation of the CSPA.

57. Plaintiff is statutorily entitled to three (3) times the amount of Plaintiff's actual economic damages or two hundred dollars ($200.00)—whichever is greater—, plus an amount not exceeding five thousand dollars ($5,000.00) in noneconomic damages for each violation of the CSPA. R.C. § 1345.09(B).

58. Since Defendant knowingly committed an act or practice that violates the CSPA, Plaintiff may be awarded reasonable attorney's fees to litigate the instant civil action. R.C. § 1345.09(F).

59. Defendant committed twenty-five (25) violations of Count III of Plaintiff's Complaint. Defendant violated the CSPA in the following ways: There were 16 violations of the TCPA, 5 violations of the DPPA, and 4 violations of the TSSA. Thus, Defendant violated

10

the CSPA 25 times. Plaintiff is entitled to $200.00 on a statutory damages basis, per violation of the CSPA, for a total of no less than $5,000.00 for claims under Count III.

## COUNT IV
## TELEPHONE SOLICITATION SALES ACT

60. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if each is set forth herein.

61. Upon information and belief Plaintiff alleges that Defendant does not have the required certificate of registration issued by the Ohio State Attorney General's Office as required by R.C. 4719.02 to solicit Ohio consumers by telephone which is a per se violation of the TSSA and is deemed "unfair or deceptive" under R.C. § 1345.02. A violation of the TSSA is also a per se violation of the CSPA. Every single call made by Defendant, with Defendant lacking a certificate of registration to engage in telephone solicitation, is violative of R.C. § 4719.02 and thus a violation of the TSSA and CSPA.

62. Finally, Plaintiff is entitled to punitive damages if Plaintiff can demonstrate that the Defendant

63. acted and violated the TSSA in a knowing fashion.

64. Defendant committed at least 4 violations of the TSSA per Count IV of Plaintiff's Complaint with each violation thereof constituting a violation of the CSPA and entitling Plaintiff to statutory damages of a minimum of $200.00 per violation.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court will:

11

65. Enter judgment against Defendant in Plaintiff's favor in an amount of money in the aggregate that does not exceed fifty-thousand dollars ($50,000.00 – inclusive of all damages) for general damages, statutory damages, liquidated damages, treble damages, not inclusive of the award of attorney's fees pursuant to R.C. § 1345.09(F) and the award of mandatory court costs (as also provided by the CSPA).

66. Grant an injunction enjoining Defendant from further contacting Plaintiff in any unlawful manner.

67. Award any and all other relief to which Plaintiff is entitled as a matter of law or equity.

RESPECTFULLY SUBMITTED,

/s/ BRYAN ANTHONY REO
Bryan Anthony Reo (#0097470)
Reo Law LLC
P.O. Box 5100
Mentor, OH 44061
(Business): (216) 505-0811
(Mobile): (440) 313-5893
(E): Reo@ReoLaw.org
*Attorney and Plaintiff Pro Se*

**JURY DEMAND ENDORSED HEREON**

Plaintiff respectfully demands a trial by jury on all of the issues set forth herein that are triable by right. Civ.R. 38.